*The PRESIDENT.
The act of
1769, C. 3 | 2, declares, “that if the owner of goods taken in execution, shall tender sufficient security, to have the same forthcoming at the day of sale, the sheriff shall take a bond from such debtor and securities, payable to the creditor, reciting the service of such execution, and the amount of the money, or tobacco due thereon, and with condition, to have the goods forthcoming at the day of sale appointed by such sheriff, and shall thereupon suffer the goods to remain with the debtor at his risk, ’til that time.” But this court, in the case of Wood and Davis, determined, that it was not necessary for the bond to state, that the time when the property is to be produced, is that appointed for the sale of it; that it is more proper, and more beneficial to the parties, that the bond should ascertain the time, and place of delivery, than that it should pursue the literal words of the law, which, do not require either to be inserted in the condition, but merely, that the property should be forthcoming, at the day of sale appointed by the sheriff. It is remarkable, that the next clause of the law, which gives the remedy, drops the expression oí the day of sale, and says, “if the property be not delivered, according to the condition of the bond,” a motion may be made. The court are therefore of opinion, that the bona in question, is neither defective nor informal.
The judgment must be reversed, and we should now proceed to enter it up for the appellant, as the District Court ought to have done, if it appeared to us, that the ap-pellee had no other objection, or defence to make against it, than that, upon which we have decided. But as it is possible, that the defendants may have made payments, or may have other objections, which were not brought forward, in consequence of the opinion of the court being in their favor, it will be most proper, to remand the cause to the District Court, that they may proceed to render judgment upon the bond, open however, to the defendants, to make any other objection thereto, than such, as respect the legality, or formality of the bond.